FILED
United States Court of Appeals
Tenth Circuit

April 2, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CHRISTOPHER CHAD POOL, a/k/a
Christopher C. Poole, a/k/a Cityboy,

    Defendant - Appellant.

No. 19-6131
(D.C. No. 5:18-CR-00217-G-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **MORITZ**, Circuit Judges.[**]
_____

On March 8, 2019, Defendant pleaded guilty to: (1) possession with intent to

distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1); (2) possession of a

machinegun, in violation of 18 U.S.C. § 922(o); (3) possession of an unregistered

firearm silencer, in violation of 26 U.S.C. § 5861(d); (4) possession of an unregistered

firearm made from a rifle, in violation of 26 U.S.C. § 5861(d); and (5) being a felon in

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument.

possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Thereafter, the United States Probation Office prepared a Presentence Investigation Report ("PSR"). The PSR classified Defendant as a career offender under U.S.S.G. § 4B1.1 and an armed career criminal under U.S.S.G. § 4B1.4. Based on an offense level of 34 and a criminal history category of VI, the PSR calculated an advisory guideline range of 188 to 235 months' imprisonment. The district court departed downward pursuant to U.S.S.G. § 5G1.3 in order to account for the time Defendant spent in official custody that would not be credited toward the sentence imposed. Following the downward departure, Defendant's guideline range was 180 to 223 months' imprisonment. The district court then varied upward and sentenced Defendant to 240 months' imprisonment.

Defendant now appeals and argues his sentence is substantively unreasonable. Counsel for Defendant filed an *Anders* brief and moved to withdraw as counsel. *See Anders v. California*, 386 U.S. 738 (1967). Defendant did not file a response to the *Anders* brief. The Government declined to submit a brief. Exercising jurisdiction under 28 U.S.C. § 1291, we grant counsel's motion to withdraw and dismiss this appeal as wholly frivolous.

\* \* \*

We review the substantive reasonableness of a sentence for an abuse of discretion and will reverse only if the sentence imposed is "arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. DeRusse*, 859 F.3d 1232, 1236 (10th Cir. 2017) (citing *United States v. Gantt*, 679 F.3d 1240, 1249 (10th Cir. 2012)). "[I]n many cases there will be a range of possible outcomes the facts and law

2

at issue can fairly support; rather than pick and choose among them ourselves, we will defer to the district court's judgment so long as it falls within the realm of these rationally available choices." *Id.* (citing *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007)).

Upon review of the record and counsel's *Anders* brief, we find there is no non-frivolous basis for Defendant to argue the district court abused its discretion in varying upward. The district court explained it varied upward "in recognition of the need to protect the public from further crimes, and given [Defendant's] extensive criminal history, the stockpile of firearms found at his residence and the threats of violence against law enforcement officers and their families at the time of his initial arrest." ROA Vol. 4 at 60. Thus, the variance was based upon the district court's assessment of the 18 U.S.C. § 3553(a) factors including the need to protect the public from further crimes, Defendant's criminal history, and the need for the sentence to reflect the seriousness of the offense and promote respect for the law. We see no basis to reverse the district court's reasoned judgment.

\* \* \*

Accordingly, counsel's motion to withdraw is GRANTED and this appeal is DISMISSED.

Entered for the Court

Bobby R. Baldock
Circuit Judge

3